FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION    2018 NOV -1  A 10: 16

| | |
|---|---|
| IVY CHRISTIAN COLLEGE )<br>f/k/a IVY CHRISTIAN ACADEMY )<br> )<br>IVY CHRISTIAN )<br>ACADEMY FOUNDATION )<br> )<br>    Plaintiffs, )<br> )<br>v. )<br> )<br>BROOKES SCHOOL )<br>CANADA SOCIETY )<br>f/k/a DWIGHT SCHOOL CANADA )<br>SOCIETY )<br>f/k/a/ DWIGHT INTERNATIONAL )<br>SCHOOL SOCIETY )<br>Graham Brown, CEO )<br>2371 East Shawnigan Lake Road )<br>Shawnigan Lake, British Columbia )<br> )<br>    Defendant. )<br> ) | Case No. 1:18 CV 01227 |

## AMENDED COMPLAINT

COMES NOW the Plaintiffs, IVY CHRISTIAN COLLEGE and IVY CHRISTIAN ACADEMY FOUNDATION (collectively the "IVY CHRISTIAN"), by counsel, and state as follows in support of their Complaint against Defendant Brookes School Canada Society[1] ("BROOKES") f/k/a Dwight School Canada Society a/k/a Dwight International School Society and currently t/a Dwight School Seoul.

---

[1] The Amended Complaint changes the name of Defendant from Brookes Education Group UK LTD to Brookes School Canada Society. Opposing counsel provided Plaintiffs with the Certificate of Change of Name dated August 24, 2016 (hereto attached as Exhibit A), the Certificate of Incorporation (hereto attached as Exhibit B), and the Special Resolution dated August 27, 2012 (hereto attached as Exhibit C).

1

## Parties

1. Plaintiff Ivy Christian College f/k/a Ivy Christian Academy ("ICA") is a Virginia corporation having its principal place of business at 9401 Mathy Drive, Suite 200, Fairfax Virginia 22031.[2]

2. Plaintiff Ivy Christian Academy Foundation ("IVCAF") is a non-profit foundation located in Seoul, Korea. IVCAF is an affiliate of ICA and registered as a non-profit with the Republic of Korea.

3. Dwight School Canada Society f/k/a Dwight International School Society ("Dwight International") is a Canadian nonprofit corporation having its principal place of business at 2371 Shawnigan Lake Road, Shawnigan Lake, British Columbia V0R2W5, Canada. Dwight International is/was closely affiliated with the Dwight School New York ("Dwight New York"), which was also involved in the development of an English-speaking prep school in Seoul, Korea, which now trades as Dwight School Seoul ("Dwight School Seoul"), 1582-1, Sangam-dong, Mapo-gu, Seoul, Korea 212-835. On August 24, 2016, Dwight International changed its name to Brookes School Canada Society ("Brookes").

4. Graham Brown ("Graham Brown") is identified as the "CEO" of Brookes Education on the website. Formerly, he was the head of Dwight International and worked directly with Ivy Christian on the siting and development of the Dwight School Seoul.

## Jurisdiction

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.

---

[2] In this matter, Ivy Christian is also the assignee of the claims of Mr. Kang Kun Lee which claims are described *supra*.

6. Jurisdiction and venue are further appropriate as the underlying Settlement Agreement at issue has a choice of forum clause specifying jurisdiction in "state or federal courts located in Fairfax County, Virginia or the Eastern District of Virginia, and all parties agree to jurisdiction there." *See supra*. All parties, either by the act of signing the Settlement Agreement or by assuming its obligations, have consented to the jurisdiction and venue within this Court.

## Factual Background

### Ivy and Dwight Establish the Dwight School Seoul

7. The instant controversy stems from Ivy Christian's initial vision to establish an English-speaking international school in Korea.

8. On or about October 9, 2009, pursuant to that vision, ICA and Dwight New York entered into a Memorandum of Understanding ("MOU"), thereby forming a *de facto* partnership for the purposes of establishing an international school in Korea.

9. In the fall of 2009, ICA and its Korean affiliate IVCAF became specifically aware of an opportunity in the Digital Media Center neighborhood of Seoul, Korea, where the Seoul Municipal Government ("SMG") had decided to locate an English-speaking school on municipally-owned property ("the Korean School Site").

10. In late 2009, ICA and Dwight New York jointly bid on the Korean School Site, using the name of Dwight New York and relying on the partnership agreement between them.

11. ICA and its Korean affiliate IVCAF arduously pursued the bid for a year, obtaining all necessary information, preparing the SMG application, and translating all necessary documents between English and Korean.

12. In March 2010, ICA and Dwight New York decided to make Dwight International, not

Dwight New York, the actual applicant for the bid.[3]

13. Ivy Christian's efforts eventually lead to Dwight International's winning of the bid for the Korean School Site on May 12, 2010.

14. In May 18, 2010, upon winning the bid, the partners agreed that Ivy Christian would provide $ 4.4 million start-up funds for the project, structured as "loans," as a partner in the project.

15. On August 17, 2010, Ivy Christian and Dwight International entered into an agreement ("Management Agreement") for the management of the School.

16. The Management Agreement acknowledged Ivy Christian's contribution in winning the bid and the parties' partnership for managing and operating the School.

### Dwight Terminates its Partnership with Ivy Christian And Litigation Ensues

17. On October 14, 2011, after two years of working together, Dwight International threatened to terminate the Management Agreement and confiscate Ivy Christian's investments, purportedly questioning Ivy Christian's ability to manage the school. In response, Ivy Christian paid additional funds towards the opening of the school.

18. In January 2012, at the demand of Dwight International, Ivy Christian wired an additional 905,000,000 KRW (approximately $800,000). The amount represented the balance of the "First Loan" payable by Ivy Christian per the Management Agreement. It was designated by the parties to be held in escrow ("the Escrowed Funds")[4] pending the determination of the parties' ownership interests.

---

[3] This decision stems from the potential problem in that SMG required that the school operator be a non-profit, which did not apply to Dwight New York.
[4] By mutual agreement, the stipulated amount of Escrowed Funds was later reduced to 605,000 KRW as part of a reconciliation of various obligations between the parties.

4

19. On January 14, 2012, Dwight New York unilaterally terminated the Management Agreement based upon a purported breach by Ivy Christian. Dwight New York never returned the First Loan.

20. On June 18, 2012, Dwight International initiated a suit in Fairfax County Circuit Court (Case No. 2012-9608) against Ivy Christian alleging that it breached the Management Agreement by failing to provide appropriate funding. In response, Ivy Christian asserted counterclaims against Dwight International and Dwight New York for fraud and conspiracy, which sought $20 million in damages.

### The Parties Reach a Settlement Agreement

21. On December 18, 2013, the parties reached a preliminary settlement in the matter, prior to the trial set for March 2014.

22. In April 2014, after continuing disagreement over the form of the Settlement Agreement, the Dwight parties moved to enforce the Agreement.

23. On May 22, 2014, after a hearing on the merits, the Court granted the motion of the Dwight parties and formally entered the Order settling the case and ordering the parties to enter a written settlement agreement per the December 2013 terms. A copy of the May 22nd 2014 order is attached as <u>Exhibit D</u>.

24. On December 4, 2014, the parties formally executed the Settlement Agreement. A copy of the Settlement Agreement is attached as <u>Exhibit E</u>.

25. The Settlement Agreement provided the Dwight parties' obligations, *inter alia*, as follows:

    a. Recognize Kang Kun Lee[5] as a founder of the School;

---

[5] Mr. Kang Kun Lee is a Korean national and former construction executive who had coordinated the IVCAF effort to obtain the Korean School Site.

5

  b. Appoint a board member selected by Ivy Christian (and represented to be Kang Kun Lee) beginning in 2014-2015 who shall earn a salary of $50,000 per year and have a right to quarterly financial reports relating to the School;

  c. Return the escrowed 605,000,000 KRW within two (2) years after the Effective Date, December 4, 2014 through three annual payments ("the Escrow Repayments") to be finished by December 2016;

  d. Pay over 2% of the gross academic-related revenues beginning in 2014-2015 academic year and continuing over the Lease term plus any option term. The payments would be made in quarterly installments during each academic year.

26. Upon the entry of the Settlement Agreement, the parties reached a final agreement with a mutual obligation to abide by its terms.

27. Notably, that Settlement Agreement made Dwight International, as the parent of Dwight School Seoul, legally liable for the amounts due and owing to Ivy Christian. It also conferred jurisdiction on "state and Federal courts in Fairfax County, Virginia" to enforce the payments. Finally, it specified that the obligations of the Settlement Agreement would apply to the parties' "successors and assigns."

### Dwight Begins to Make Payments, then Stops in 2016

28. Dwight Seoul, on behalf of Dwight International, began making payments to Ivy Christian in 4th quarter of 2014, by returning the first payment of 200M KRW (due December 2014) and by paying the 2% quarterly fee owed for that fall.

29. Dwight also elected Mr. Lee as a member of its Board.[6] See Notice, dated December 17, 2014, electing Kang Kun Lee attached as <u>Exhibit F</u>.

---

[6] The December 17, 2014 notice calls for Mr. Lee to be paid 50M KRW as an annual salary. In fact, the Settlement Agreement required an annual salary of $50,000 per annum.

30. Beginning in the first quarter of 2016, the Dwight parties suspended the payments.

31. Upon inquiry from Ivy Christian, the Dwight parties provided a number of excuses, which included inter alia:

    a. That Korean law did not "authorize" the payments to Ivy Christian[7];

    b. Mr. Lee, a Korean citizen, could not serve as a Board member of Dwight School Seoul because Dwight International (the operator of Dwight School Seoul) is a Canadian entity and only Canadian citizens can serve[8];

    c. That Korean law prevented the Dwight parties from paying a share of the "capital" costs to Ivy Christian, even though that was expressly required by the Settlement Agreement.

32. In each case, the excuses given by the Dwight parties for non-payment were contrived, self-serving and largely irrelevant to the debts owed. At no point did Dwight present a legal opinion justifying its non-payment. Even if it had, it would not have released Dwight from its obligations under the contract, which was to both (i) reimburse Ivy Christian for the First Loan and (ii) financially recognize its efforts (time and money) in creating the Dwight School Seoul.

33. Since the first quarter of 2016, the Dwight parties have failed to pay the balance of 205M KRW from the Escrowed Funds and defaulted on the payments of 2% of the revenues starting on the second quarter of 2016. See Email correspondence, dated November 23, 2016, from Jerry Salvador attached as Exhibit G.[9]

---

[7] The Dwight parties continually identified a case known as "Dulwich" in which a foreign-owned school was ostensibly penalized for paying a royalty to outside parties. No legal precedent was ever cited.

[8] This would lead to the bizarre result that a Korean citizen (Mr. Lee) could not sit on the Board of a Korean school, despite the Dwight parties expressly providing that he could.

[9] In the email dated November 23, 2016, Mr. Salvador of Dwight School Seoul admits that the 205M KRW has not been paid (of the Escrow Repayments) but claims that Ivy Christian must actually refund the quarterly payments made since the Settlement Agreement is allegedly illegal.

34. In addition, the Dwight parties have <u>never</u> paid the salary owed to Mr. Lee. In fact, they have even taken steps to prevent him from acting as a member of the Board, despite appointing him in December 2014.

35. For over two years, the principals of Ivy Christian patiently waited while the Dwight Parties claimed to be working through the alleged "obstacles" to the payments. Meanwhile, the school was growing to a current total of over 500 students.

### Dwight International changes its name to Brookes

36. On August 24, 2016, Dwight International which was the responsible party under the Settlement Agreement changed its name to Brookes School Canada Society ("Brookes"). This change occurred pursuant to Brookes Education Group LTD assuming control of the Dwight School family of international schools. See <u>Exhibits A-C inclusive</u>.

37. On August 10, 2018, undersigned counsel sent the letter to Brookes, e.g. Graham Brown, notifying and requesting them to cure their default under the Settlement Agreement.

38. Graham Brown has responded on behalf of Brookes but not made any accommodation to pay the amounts due and owing.

39. Brookes is in default of the Settlement Agreement.

### <u>COUNT I – BREACH OF SETTLEMENT AGREEMENT (BROOKES)</u>

40. Ivy Christian incorporates each and every allegation heretofore.

41. The parties entered into the Settlement Agreement, lawfully executed on December 4, 2014, which is a binding contract.

42. Ivy Christian has performed all obligations under the Settlement Agreement.

43. Starting in early 2016, the Dwight parties ceased the payments obligated by the contract altogether, both the quarterly amounts and the board salary.

44. Brookes is the same entity as Dwight International and thereby bound by the Settlement Agreement.

45. Brookes breached the Settlement Agreement.

46. As a result of the breach, Ivy Christian has suffered damages in the amount of at least one ($1.0) million dollars based upon missing payments,[10] plus applicable interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, IVY CHRISTIAN COLLEGE and IVY CHRISTIAN ACADEMY FOUNDATION, respectfully prays that this Court:

1. Order Brookes to comply with the Settlement Agreement going forward which shall mean the following:

    a. Identify Mr. Lee as a founder, restore his seat on the Board of Dwight School Seoul and provide him quarterly financial reports;

    b. Require Brookes to pay 2% of academic-related revenues, including capital fees, to Ivy Christian;

    c. Require Brookes to pay any outstanding obligations owed to date;

2. Award compensatory damage against Brookes in the amount of $1,500,000.00 for those missing back payments;

3. Award prejudgment and post-judgment interest, penalties, reasonable attorney's fees and costs;

4. Any other relief as may be appropriate.

---

[10] To date, the Dwight parties and Brookes have missed at least ten (10) quarterly payments (at the 2% rate) through the third quarter of 2018 (ending September 30, 2018), as well as at least four (4) years of missing Board payments to Mr. Lee. It has also failed to refund the 205,000,000 KRW from the Escrowed Funds. Those amounts alone, without interest, equal over $1.0 million per the most conservative estimates.

IVY CHRISTIAN COLLEGE and
IVY CHRISTIAN ACADEMY FOUNDATION,

BY COUNSEL

_____
J. Chapman Petersen, Esq., VSB #37225
David L. Amos, Esq., VSB #87271
Won Y. Uh, Esq., VSB #92574
Chap Petersen & Associates, PLC
3970 Chain Bridge Road
Fairfax, Virginia 22030
(571) 459-2521 (direct dial)
(571) 459-2307 (facsimile)
jcp@petersenfirm.com
dla@petersenfirm.com
*Counsel for Plaintiffs*

## Certificate of Service

I hereby certify that a true copy of the foregoing has been mailed by first class postage pre-paid and sent via email this 1st day of November 2018, to counsel for Defendants at:

Douglas R. Kay, Esq., VSB #35468
Alina Czaplicki, Esp., VSB #87440
Offit Kurman, P.C.
8000 Towers Crescent Drive, Suite 1500
Tysons Corner, Virginia 22182
703-745-1800 (telephone)
703-745-1835(facsimile)
dkay@offitkurman.com
aczaplicki@offitkurman.com

_____
J. Chapman Peteresen