UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IVY CHRISTIAN COLLEGE, )
f/k/a IVY CHRISTIAN ACADEMY, )
)
Plaintiff, )
)
v. ) Case No. 1:18-cv-1227 (CMH/IDD)
)
BROOKES EDUCATION GROUP UK LTD, )
f/k/a DWIGHT SCHOOL CANADA SOCIETY, )
a/k/a DWIGHT INTERNATIONAL SOCIETY, )
)
Defendant. )

## ANSWER

Defendant Brookes School Canada Society ("Brookes"),[1] by counsel, submits the following answer to the Amended Complaint filed by Plaintiff Ivy Christian College:

## PARTIES

1. Brookes is without knowledge to either admit or deny the allegations of Paragraph 1.

2. Brookes is without knowledge to either admit or deny the allegations of Paragraph 2.[2]

3. Brookes admits that Dwight International changed its name to Dwight School Canada Society earlier and then from Dwight School Canada Society to Brooks School Canada Society in 2016.

---

[1] The statements in footnote 1 do not contain any allegations which require a response.
[2] To the extent any response to this footnote is necessary, Brookes is without knowledge to either admit or deny these allegations.

1

4. The website referenced in paragraph 4 speaks for itself and any allegation inconsistent with the website is denied. Brookes denies that Graham Brown was the head of Dwight International.

## JURISDICTION

5. The allegations of Paragraph 5 constitute legal conclusions to which no response is required. To the extent a response is required, Brookes denies the allegations of Paragraph 5.

6. The allegations of Paragraph 6 constitute legal conclusions to which no response is required. To the extent a response is required, Brookes denies the allegations of Paragraph 6. Further, the Settlement Agreement speaks for itself and any allegation inconsistent with the Settlement Agreement is denied.

## FACTUAL BACKGROUND

7. Brookes is without knowledge to either admit or deny the allegations of Paragraph 7 and therefore denies the same.

8. Brookes admits only that it entered into a Memorandum of Understanding in 2009 the terms of which speaks for itself. Brookes denies the remaining allegations in Paragraph 8.

9. Brookes is without knowledge to either admit or deny the allegations of Paragraph 9 and therefore denies the same.

10. Brookes denies the allegations of Paragraph 10.

11. Brookes is without knowledge to either admit or deny the allegations of Paragraph 11.

12. Brookes denies the allegations of Paragraph 12.[3]

13. Brookes denies the allegations of Paragraph 13.

---

[3] To the extent any response to this footnoted is necessary, denied.

14. Brookes admits only that Ivy Christian promised it would provide $4.4 million in start-up funds for the project. The remainder of the allegations of Paragraph 14 are denied.

15. The Management Agreement speaks for itself and any allegation inconsistent with the Management Agreement is denied.

16. The Management Agreement speaks for itself and any allegation inconsistent with the Management Agreement is denied.

17. Brookes denies the allegations of Paragraph 17.

18. Brookes denies the allegations of Paragraph 18.[4]

19. Brookes admits it terminated the Management Agreement in 2012. Brookes denies the remaining allegations of Paragraph 19.

20. The Complaint and Counterclaims speak for themselves and any allegation inconsistent with those pleadings is denied.

21. Brookes admits the allegations of Paragraph 21.

22. Brookes admits the allegations of Paragraph 22.

23. The Order speaks for itself and any allegation inconsistent with the Order is denied.

24. The Settlement Agreement speaks for itself and any allegation inconsistent with the Settlement Agreement is denied.

25. The Settlement Agreement referenced in Paragraph 25(a)-(d) speaks for itself and any allegation inconsistent with the Settlement Agreement is denied.[5]

26. The allegations of Paragraph 26 constitute legal conclusions to which no response is required. To the extent a response is required, Brookes denies the allegations of Paragraph 26.

---

[4] To the extent any response to this footnote is necessary, denied.
[5] To the extent any response to this footnote is necessary, denied.

27. The Settlement Agreement speaks for itself and any allegation inconsistent with the Settlement Agreement is denied.

28. Brookes admits the allegations of Paragraph 28.

29. The Notice speaks for itself and any allegation inconsistent with the Notice is denied.[6]

30. Brookes admits the allegations of Paragraph 30 with the explanation that the payments were illegal.

31. Brookes admits only that it explained suspension of payments to Ivy Christian and that said explanation included the information included in a,[7] b,[8] and c.[9] All remaining allegations in Paragraph 31 are denied. To the extent any response to the footnotes is necessary, denied.

32. Brookes denies the allegations of Paragraph 32.

33. Brookes denies the allegations of Paragraph 33. Brookes further states that the referenced e-mail correspondence speaks for itself and any allegation inconsistent with that correspondence is denied. This

34. Brookes admits only it has never paid Mr. Lee any salary and that it has not permitted him to serve as a member of the Board. All other allegations in Paragraph 34 not admitted are denied.

35. Brookes denies the allegations of Paragraph 35.

---

[6] To the extent any response to this footnote is necessary, the agreement speaks for itself.
[7] To the extent any response to this footnote is necessary, denied.
[8] To the extent any response to this footnote is necessary, denied.
[9] To the extent any response to this footnote is necessary, the referenced communication speaks for itself.

36. Brookes admits the allegations of the first sentence of Paragraph 36 but denies the second sentence. The referenced exhibits speak for themselves and any allegation inconsistent with those exhibits is denied

37. Brookes admits counsel for plaintiff sent a letter dated August 10, 2018 the details of which speak for themselves.

38. Brookes admits that Graham Brown responded on behalf of Brookes but denies the remaining allegations of Paragraph 38.

39. Brookes denies the allegations of Paragraph 39.

## COUNT I – BREACH OF SETTLEMENT AGREEMENT

40. The prior allegations of this Answer are incorporated.

41. The allegations of Paragraph 41 constitute a legal conclusion to which no response is required. To the extent a response is required, Brookes denies the allegations of Paragraph 41.

42. Brookes denies the allegations of Paragraph 42.

43. Brookes denies the allegations of Paragraph 43.

44. Brookes admits only that it is the same entity as Dwight International. The remaining allegations of Paragraph 44 are denied.

45. Brookes denies the allegations of Paragraph 45.

46. Brookes denies the allegations of Paragraph 46.

## PRAYER FOR RELIEF

The remaining allegations of the Counterclaim following Paragraph 46 constitute a prayer for relief to which a response is not required. To the extent that a response is required to any of

these prayers for relief, Brookes denies the allegations contained therein and denies that Plaintiff is entitled to any relief whatsoever.[10]

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a cause of action upon which relief may be granted.

2. Defendant asserts that Plaintiff is not entitled to the relief sought in the Complaint.

3. Defendant asserts that it is not liable to Plaintiff under any theory of law or equity.

4. Defendant asserts that it did not directly or proximately cause any damage to Plaintiff.

5. Defendant asserts that the Settlement Agreement is illegal and void under Korean law.

6. Plaintiff reserves the right to assert such other and further defenses as they become known.

WHEREFORE, Defendant Brookes School Canada Society respectfully requests that the Court find in its favor, dismiss the Complaint with prejudice, and award it such other and further relief as appropriate under the circumstances.

---

[10] To the extent any response to this footnote is necessary, denied.

BROOKES SCHOOOL
CANADA SOCIETY

OFFIT KURMAN, P.C.

/s/ Douglas R. Kay

Douglas R. Kay, VSB #35468
Alina Czaplicki, VSB #87440
OFFIT KURMAN, P.C.
8000 Towers Crescent Dr., Suite 1500
Tysons Corner, VA 22182
Phone 703-745-1800
Fax 703-745-1835
dkay@offitkurman.com
aczaplicki@offitkurman.com
*Counsel for Defendant Brookes Education Group UK LTD*

## CERTIFICATE OF SERVICE

I certify that on November 19, 2018, a copy of the foregoing has been sent by first class mail and e-mail to:

J. Chapman Petersen
David L. Amos
Won Y. Uh
Chap Petersen & Associates, PLC
3970 Chain Bridge Road
Fairfax, Virginia 22030
jcp@petersenfirm.com
dla@petersenfirm.com

_____
Counsel